UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Stewart A. Miller                                      Case No. 5:09-cv-186

                              Petitioner,

v.                                                    **MEMORANDUM AND ORDER**

Secretary, Department of
Corrections, and State of
Florida Attorney General

                              Respondents.

_____

This matter is before the Court on Petitioner Stewart Miller's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. For the reasons that follow, the Court denies the Petition.

**BACKGROUND**

Petitioner was initially arrested on June 1, 2005, in Marion County, Florida, and charged in three separate Informations with attempted burglary and criminal mischief arising out of a theft at a residence in Ocala, Florida, and with two counts of burglary, one count of petit theft, and one count of grand theft of the same residence (which was apparently a multi-family dwelling). (App. I, II, and III.) He was detained on those charges. He was subsequently transferred from Marion County to Alachua County to face unrelated charges. He was not returned to Marion County until March or April or 2006.

On November 28, 2006, Petitioner pled guilty to the Information charging him with burglary and grand theft (App. I) and to the Information charging him with burglary and petit theft. (App. II.) Petitioner was sentenced at that time to 67 months' imprisonment with 24 months' probation to follow. The Information charging him with attempted burglary and criminal mischief was dismissed nolle prosequi on November 30, 2006. Petitioner did not take an appeal from his conviction or sentence, and his conviction became final on December 28, 2006.

On March 14, 2007, Petitioner filed a motion in state court under Rule 3.850 of the Florida Rules of Civil Procedure[1] to set aside the judgment and sentence. He alleged in that that motion that his counsel was ineffective for failing to advise him of his speedy trial rights under Fla. R. Crim. P. 3.191. The state court denied the motion on August 9, 2007, reasoning that Petitioner's guilty plea had waived his speedy trial rights under Florida law, and noting that Petitioner had testified in his plea hearing that he was pleased with the services of his attorney. Petitioner timely appealed the denial of his motion to vacate on two grounds: 1) a violation of his speedy trial rights; and 2) a violation of his double jeopardy rights. On November 20, 2007, the appellate court affirmed the decision of the trial court. Miller v. State, 970 So. 2d 846 (Fla. Dist. Ct. App. 2007).

Petitioner filed his habeas corpus petition on May 18, 2008, raising the same two claims he raised in his appeal to the state appellate court. The State concedes that the Petition is timely.

---

[1] Rule 3.850 is the Florida state provision authorizing collateral attacks on criminal convictions and sentences, similar to 28 U.S.C. §§ 2254, 2255.

## DISCUSSION

### A. Standard of Review

The Anti-terrorism and Effective Death Penalty Act ("AEDPA") limits the power of the federal court to review habeas corpus petitions brought by state court prisoners. AEDPA states that habeas corpus claims are not reviewable unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Under AEDPA, a federal court's review is greatly circumscribed and highly deferential to the state courts. Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002). In a proceeding instituted by a writ of habeas corpus by a person in custody pursuant to the judgment of a state court, a determination of a factual issue made by a state court shall be presumed to be correct. 28 U.S.C. § 2254(e)(1). The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. Id.

Moreover, § 2254 requires that a petitioner exhaust all of his state court claims prior to seeking relief in federal court. Id. § 2254(b)(1)(A). A petitioner may only bring federal habeas claims after presenting the same claim to state courts. McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005) (citing Picard v. Connor, 404 U.S. 270,

275 (1971)). If claims brought in state court were not raised in terms of federal law, then the claim is not exhausted. Gray v. Netherland, 518 U.S. 152, 162-63 (1996); Jimenez v. Fla. Dep't of Corr., 481 F.3d 1337, 1342 (11th Cir. 2007).

**B.	Ground One**

Petitioner first argues that he was denied effective assistance of counsel because he was misled about the waiver of his speedy trial rights. Petitioner contends that he was prejudiced because he relied on counsel's advice to accept a plea bargain after being advised that his speedy trial rights had already been waived. Petitioner erroneously relies in part on Rule 3.191(a) of the Florida Rules of Criminal Procedure as authority for his right to a speedy trial. Although it is true that Florida law imposes time limits for charging and trying criminal defendants, to succeed on a petition for federal habeas relief, Petitioner must establish some violation of federal law, not state law. Gray, 518 U.S. at 162-63; Jimenez, 481 F.3d at 1342.

It is well settled that a defendant waives his right to raise any argument based on a violation of his right to a speedy trial when he pleads guilty.[2] Taylor v. United States, 204 F.3d 828, 829 (8th Cir. 2000). Petitioner argues that he would not have pled guilty if he understood that he could have raised a speedy trial challenge to the charges. But "[a] guilty plea cannot be attacked as based on inadequate legal advice unless counsel was not a reasonably competent attorney." Strickland v. Washington, 466 U.S. 668, 687 (1984).

---

[2]  It also appears from the record that Petitioner's counsel asked for two continuances in 2005, before Petitioner's transfer to Alachua County. These requests for continuances also waived any speedy-trial challenges on Petitioner's behalf. (State's Mem. (Docket No. 7) at 7-8.)

To raise a claim for a violation of speedy trial rights despite a guilty plea, the petitioner must show that the plea agreement was not knowing and voluntary because the advice he received from counsel was not within acceptable standards. Parisis v. United States, 529 F.3d 134, 138 (2d Cir. 2008).

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686. The proper standard for attorney performance is that of reasonably effective assistance. Id. "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688.

Petitioner has failed to show that his guilty plea was not knowing and voluntary or that his attorney rendered ineffective assistance by recommending that he plead guilty. First, the record shows that Petitioner or his counsel waived any speedy-trial challenge to the charges against him. Moreover, during his change of plea proceeding, the trial court asked Petitioner if he was satisfied with the services of his attorney and the Petitioner answered in the affirmative. (App. IV.) Petitioner has therefore failed to show that counsel's performance fell below an objective standard of reasonableness.

**C.    Ground Two**

Petitioner next argues that he was denied the effective assistance of counsel because his counsel did not raise any double jeopardy arguments when Petitioner was charged twice for the same offense. Petitioner alleges that he was charged once, that

5

those charges were dropped after the speedy trial clock ran, and that the State Attorney then re-filed identical charges. The record does not reflect any new Information filed after the speedy trial clock ran, but even if it did, Petitioner has failed to exhaust his state court remedies with respect to this claim as required under AEDPA. He did not raise any federal double jeopardy argument in his state motion to vacate.[3] Petitioner did not assert the double jeopardy argument until his appeal to the Florida Court of Appeals. Because Petitioner did not exhaust his state court remedies, this claim must fail. 28 U.S.C. §2254(b)(1)(A).

Even if Petitioner had properly exhausted all state court remedies, however, his double jeopardy argument would still fail because he has not established a violation of his rights. The Double Jeopardy Clause provides that the state may not make repeated attempts to convict the accused, "thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continued state of anxiety and insecurity; while at the same time, enhancing the possibility that the innocent may be found guilty." United States v. Martin Linen Supply, 430 U.S. 564, 569 (1977) (quoting Green v. United States, 355 U.S 184, 187-188 (1957)). The goal of the Double Jeopardy Clause is to prevent a second prosecution for the same offense after acquittal. Price v. Vincent, 538 U.S. 634, 641 (2003). However, as in this case, "where there is no threat of multiple punishments

---

[3] The motion to vacate states only that the State Attorney and the state court judge "violated the intent of Florida Rules of Criminal Procedure 3.191 when they allowed the charges to be refilled [sic] after the speedy trial time had expired for the same conduct, causing [Petitioner] to be twice put in jeopardy for the same offense." (App. IV at 2.) The trial court clearly did not understand Petitioner's motion as an attempt to raise a double jeopardy claim under either state or federal law, because the denial of Petitioner's motion to vacate contained no discussion of double jeopardy principles. (App. V.)

or successive prosecutions, the double jeopardy clause is not offended." United States v. Wilson, 420 U.S. 332, 344 (1975). "The protections of the Double Jeopardy Clause only attach when the accused has actually been placed in jeopardy." Serfass v. United States, 420 U.S. 377, 392 (1975). Jeopardy only attaches when a jury is empaneled and sworn, or when in a bench trial, a judge begins to hear evidence. Martin Linen Supply, 430 U.S at 569.

The record does not support the argument that Petitioner was twice placed in jeopardy for the same offense. Petitioner was not subjected to multiple punishments and was not prosecuted twice for the same offense. Jeopardy did not attach to the first set of charges because the State did not prosecute Petitioner on those charges. Petitioner is not entitled to relief on his second claim.

**D.     Certificate of Appealability**

In a habeas corpus proceeding in which the detention complained of arises from a state court process, the applicant cannot take an appeal unless the Court issues a Certificate of Appealability under 28 U.S.C. §2253(c). Fed. R. App. P. 22(b)(1). This Court cannot grant a Certificate of Appealability unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Petitioner must establish that the resolution of his constitutional claims "was debatable among jurists of reason." Lott v. Attorney Gen., Fla., 594 F.3d 1296, 1301 (11th Cir. 2010). The Petitioner has not made a substantial showing of the denial of a constitutional right and the Court will not issue a Certificate of Appealability.

**CONCLUSION**

For the foregoing reasons, the Court determines the Petition for the Writ of Habeas Corpus must be denied. Accordingly, **IT IS HEREBY ORDERED that**:

1. The Petition for Writ of Habeas Corpus (Docket No. 1) is **DENIED**;

2. The action is **DISMISSED with prejudice**; and

3. Petitioner is **DENIED** a Certificate of Appealibility.

**The Clerk shall enter judgment accordingly, terminate all remaining deadlines as moot, and close the file.**

Dated:   June 13, 2012

    *s/Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge